The Southern Bank of Georgia, plaintiff in error, vs. William Williams, defendant in error.

The fraudulent organization of a Bank cannot be set up as a defence against the payment of an acceptance.

Complaint, from Decatur. Tried before Judge Allen, April Term, 1858.

The plaintiff sued defendant as acceptor on three bills of exchange, payable at the Southern Bank of Georgia.

Defendant pleaded, 1st, that the plaintiff had no legal organization, because the commissioners did not do their duty, as prescribed by the Act of incorporation, in opening books of subscription—not opening any books at all.

2d. That they did not give notice and convene the stockholders, as required by the Act of incorporation, for the purpose of electing directors.

3d. That prior to the pretended organization, there was not five subscribers of shares in said banking company.

4th. That fifty thousand dollars in specie was never paid in or to said banking company, or to commissioners, or to any person, as is required in the 3d section of the charter of said bank; and if the Ordinary so certified, as is required by said 3d section, the certificate is false, and was fraudulently obtained from said Ordinary.

5th. That the consideration of the bills of exchange sued has partially failed, because the bills of said bank received for them were not good, solvent or current, at the time of their purchase, and therefore, that plaintiff ought not to recover.

Plaintiff demurred to each and every one of said pleas of said defendant; which demurrer the Court overruled, as to each and every plea. Whereupon, plaintiff excepts.

Law & Sims; and Lyon; and Irwin & Butler, for plaintiff in error.

Jno. W. Evans; Nesbits; and Campbell & Easterling, for defendant in error.

*By the Court*—McDonald, J. delivering the opinion.

The defence set up in this case cannot be allowed. As strong as the language is, which is used in some of the cases decided by this Court, they do not apply to the case of a bank whose charter is like that of the plaintiff. There is no condition precedent in this charter; nothing to be performed as a condition on which the bank was to commence business.

It *may* commence business as soon as fifty thousand dollars in specie shall have been paid, but there is nothing prohibitory in the clause.    This Court, in cases which it has decided, has used very strong language, and language which, taken disconnected from other parts of the opinions delivered, might seem to warrant the defence set up in these pleas, if there had been a condition precedent in the charter; but upon a careful examination, it will be found that the Court referred to proceedings on the part of the State, for the forfeiture of the charter.    Some of the matters set forth in the pleas under consideration, are sufficient, if true, to authorize the State, if it be its will, to proceed against the bank for the forfeiture of its charter, and also to give creditors a remedy against all parties aiding and participating in the wrongful organization.

But if there were conditions precedent of the most imperative character in the charter, and a grossly fraudulent organization had been gotten up by collusion between the commissioners and the subscribers for stock, and the bank had been put into operation apparently fairly, and held out to the community as a regularly and honestly organized bank, discounting notes and paying out bills, it would be a strong act of injustice to hold, that the fraud in the organization could be pleaded collaterally, as a defence by the bank, against the payment of its notes, or by a debtor to the bank, to defeat the collection of the debt due by him.

The bank should not be allowed to take advantage of its own wrong, and the debtor of the bank, who has received an equivalent for his note, ought not to be allowed to avail himself of a defence of the sort, to diminish the means of paying the debts of the bank.    Such a defence is an attack on the existence of the bank, which cannot be allowed in such a mode.

I am of opinion that the pleas of the defendant, which were demurred to, show no sufficient matter of defence against the

recovery of the acceptances, however efficient the facts pleaded might be in a proceeding against the bank to forfeit its charter.

Judgment reversed.